UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – FLINT

In re:

PAUL LYNN CARPENTER and
DEBRA JANE CARPENTER,

    Debtors.
_____/

Case No. 13-32968-dof
Chapter 7 Proceeding
Hon. Daniel S. Opperman

MICHAEL A. MASON,

    Plaintiff,

v.

MID-ISLAND MORTGAGE CORP.,

    Defendant.
_____/

Adv. Pro. No. 14-3033-dof

## OPINION DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Michael Mason ("Plaintiff" or "Trustee") filed an adversary complaint seeking to void a post-petition filing of an assignment of mortgage from Mortgage Electronic Registration Systems ("MERS"), as nominee for Mid-Island Mortgage Corporation ("MIMC" or "Defendant"), to MIMC as being in violation of the automatic stay. The Plaintiff argues that the mortgage was never properly perfected under New York law as a result of the note holder and the mortgage holder being separate entities and, therefore, the post-petition assignment of the mortgage from MERS to MIMC was an attempt to perfect the mortgage in violation of the automatic stay. The Defendant denies it violated the automatic stay.

1

## BACKGROUND FACTS AND PROCEDURAL HISTORY

Paul and Debra Carpenter ("Debtors") own real property located at 11 Ann Drive North, Freeport, New York 11520 (the "Property"). On November 18, 2009, the Debtors executed a note payable to MIMC and executed a mortgage on the Property for MERS, solely as nominee of MIMC, and delivered the mortgage to MIMC. The mortgage was recorded on November 24, 2009.

The Debtors filed their Chapter 7 bankruptcy petition on August 29, 2013, and they received a discharge on December 3, 2013.

On December 18, 2013, MERS assigned the mortgage to MIMC. MIMC was the note holder at all relevant times. On December 20, 2013, Cenlar FSB ("Cenlar"), as servicer for MIMC, filed a Motion for Relief from Stay to permit the continuation or commencement of a mortgage foreclosure action in the Supreme Court of the State of New York, County of Nassau. The Court held a hearing on the Motion for Relief from Stay on January 8, 2014, and granted the Motion with conditions.

On January 14, 2014, the Trustee filed a Motion to Avoid MIMC's lien on the property. The Court held a hearing on the Trustee's Motion on February 26, 2014. After hearing the arguments of counsel, the Court decided that the Motion should be brought as an adversary proceeding. The Court entered an order directing the clerk of the court to treat the Trustee's Motion as a Complaint and MIMC's Answer to the Motion as an Answer to the Complaint. On April 16, 2014, the Plaintiff filed the pending Motion for Summary Judgment. The Defendant filed an Objection on May 13, 2014. The Plaintiff filed a Reply on May 28, 2014. The Court held a hearing on the Plaintiff's Motion on June 25, 2014 and took the matter under advisement.

JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K) determinations of the validity, extent, or priority of liens) and (G) (motions to terminate, annul, or modify the automatic stay).

The issues in this matter arise from Title 11 of the United States Code and do not involve any matter which limits this Court's jurisdiction as detailed by the United States Supreme Court in *Stern v. Marshall*, ---- U.S. ----, 131 S. Ct. 2594, 2608, 180 L.Ed.2d 475 (2011), and later by the United States Supreme Court in *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165 (2014). *See also Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012).

ARGUMENTS

The Plaintiff argues that the mortgage was never properly perfected under New York law because the note holder and the mortgage holder were separate entities at the time the mortgage was filed and, as a result, the post-petition assignment of the mortgage from MERS to MIMC was an attempt to perfect the mortgage in violation of the automatic stay. The Defendant argues that the mortgage was properly perfected under New York law and that, pursuant to the applicable case law in the Sixth Circuit, the owner of a mortgage interest may transfer its interest after the mortgagor files for bankruptcy without the transfer being considered a violation of the automatic stay.

APPLICABLE LAW

A. Summary Judgment Standard

Federal Rule of Civil Procedure 56 is made applicable in its entirety to bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Federal Rule of

Bankruptcy Procedure 7056(c) provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Choate v. Landis Tool Co.*, 46 F. Supp. 774 (E.D. Mich. 1980). The moving party bears the burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986)). The burden then shifts to the nonmoving party once the moving party has met its burden, and the nonmoving party must then establish that a genuine issue of material fact does indeed exist. *Janda v. Riley-Meggs Industries, Inc.*, 764 F. Supp 1223, 1227 (E.D. Mich. 1991).

## B. <u>11 U.S.C. § 362</u>

11 U.S.C. § 362(a)(4) states: "(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of-- (4) any act to create, perfect, or enforce any lien against property of the estate."

## DISCUSSION

### C. <u>Perfection of a Security Interest Under New York Law</u>

The Property at issue is owned by the Debtors and located in the state of New York. Thus, New York law applies.

The Plaintiff argues that if the mortgage and the note are not held by the same party when the mortgage is recorded, it is essentially unperfected. The Defendant argues that the Plaintiff is confusing the law relating to perfection of a mortgage with the law relating to standing to

foreclose a mortgage, and that its mortgage was properly perfected despite the fact that the mortgage was held by MERS, as nominee for MIMC, at the time the mortgage was recorded.

The validity of MERS as a named mortgagee is unsettled in New York and that issue is set to be determined by the Court of Appeals of New York. This Court has determined that, in this case, it would be more appropriate to defer to the New York courts to determine the issues of perfection, as well as the right of the Defendant to foreclose.

D. <u>Whether the Post-Petition Assignment Constitutes a Violation of the Automatic Stay</u>

The matter currently before this Court can and should be decided in the context of an 11 U.S.C. § 362 bankruptcy issue; and, accordingly, Sixth Circuit law applies.

The Plaintiff argues that the post-petition assignment of the mortgage from MERS to MIMC was an attempt to perfect the mortgage in violation of the automatic stay. The Defendant argues that, pursuant to the applicable case law in the Sixth Circuit, the owner of a mortgage interest may transfer its interest after the mortgagor files for bankruptcy without the transfer being considered a violation of the automatic stay. In support of its position, the Defendant cites *Rogan v. Bank One (In re Cook)*, 457 F.3d 561 (6th Cir. 2006), *Kapila v. Atlantic Mortgage & Investment Corp. (In re Halabi)*, 184 F.3d 1335 (11 Cir. 1999), and *In re Samuels*, 415 B.R. 8 (Bankr. D. Mass. 2009).

In *Cook*, the Sixth Circuit Court of Appeals held that an assignee's recording of an assignment of mortgage post-petition did not violate the automatic stay. The court in that case agreed with the Eleventh Circuit's analysis in *Kapila*, which "held that the owner of a mortgage interest may transfer its interest after the mortgagor files for bankruptcy." *Kapila*, 184 F.3d at 1337.

> The court in *Kapila* reasoned that a property owner holds only legal title – and not an equitable interest – in the property that has been mortgaged. It cited various

provisions of the Bankruptcy Code for the proposition that a bankruptcy trustee cannot avoid post-bankruptcy transfers of the mortgage interest because 'the perfected mortgage is neither actually nor potentially the property of the debtor."

*Cook*, 457 F.3d at 568 (citations omitted).

In this case, MIMC did not attempt to perfect *legal title* to the Debtors' property, but transferred and recorded only the bank's *equitable interest* in the property, which does not belong to the Debtors. Accordingly, the Plaintiff cannot avoid the post-petition assignment of the mortgage interest as being in violation of the automatic stay because the mortgage interest is not actually or potentially the property of the Debtors.

The Plaintiff attempts to distinguish the *Cook* and *Kapila* cases by noting that, in those cases, the mortgages had been properly perfected as of the commencement of the bankruptcy cases. This Court has already determined that it would be more appropriate for the New York state courts to determine whether the Defendant's mortgage was properly perfected and whether the Defendant has standing to foreclose. Regardless of whether or not the Defendant had properly perfected mortgage interest, the post-petition transfer of the mortgage interest from MERS to the Defendant was a transfer of those entities' equitable interest in the Property and cannot be considered a violation of the automatic stay. The Plaintiff may have some other form of redress to set aside the assignment, but what is currently before the Court is a violation of the automatic stay issue. Under the Sixth Circuit case law cited above, this type of assignment does not constitute a violation of the automatic stay.

To be clear, this Court is not deciding whether the mortgage in this case is perfected or can be enforced and foreclosed. That issue is for a court based in New York to decide. The only issue decided by this Court is whether the Defendant violated the automatic stay in this case. If a

New York court later concludes the mortgage was not properly perfected or cannot be enforced and foreclosed, then this Court can address any remaining issues.

## CONCLUSION

For the reasons stated herein, the Court concludes that the Defendant's post-petition recording of the assignment of mortgage did not violate the automatic stay. Accordingly, Plaintiff's Motion for Summary Judgment is denied. Counsel of the Defendant is directed to prepare and submit an order consistent with this Opinion and consistent with the procedural rules of this Court.

.

**Signed on September 05, 2014**

                                         **/s/ Daniel S. Opperman**
                                         **Daniel S. Opperman**
                                         **United States Bankruptcy Judge**